## THE STATE v. CARPENTER, Appellant.

Division Two, May 31, 1904.

1. **MURDER: Sufficiency of Evidence.** The evidence on behalf of the State tends to show that defendant not only stabbed and killed the deceased, who was unarmed and making no effort whatever to assault or harm defendant, but that his assault upon deceased was unprovoked and without excuse or justification. *Held,* sufficient evidence upon which to predicate a verdict of guilty.

2. ———: **Instruction: Credibility of Witnesses: First Raised in Motion for New Trial.** The defendant asked no instruction on the subject of the credibility of witnesses, nor did he except at the time the instructions were given upon the failure of the court to instruct upon all the law governing the case. *Held,* that, under the circumstances, the point raised in the motion for a new trial, that the court failed to instruct the jury as to the credibility of witnesses, is unavailing.

3. ———: **Newly-Discovered Evidence: Prerequisites.** In order to justify a new trial on the ground of newly-discovered evidence two prerequisites must be present: first, the evidence must not be cumulative merely; and, second, the evidence must appear to be so material as to probably produce a different result if a new trial be granted.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Edward C. Crow*, Attorney-General, and *C. D. Corum* for the State.

(1) Defendant was compelled to admit that Owens did not have a knife in his hand, but that he had a rock. He did not testify that Owens attempted to strike him with a rock. Indeed, the undisputed evidence shows that the defendant killed Owens without excuse, and there was no self-defense in this case. The evidence shows that, on account of some persons having thrown rocks against the building of the defendant, his passions were aroused, and that when he left the restaurant he was on murder bent, as is clearly shown by the statement made by him. When he left the restaurant, he said he was "going to get a gun and kill somebody." (2) Defendant can not complain because the court failed to instruct as to the credibility of witnesses. He asked no instructions upon this phase of the law, nor did he except, at the time the instructions were given, because the court had failed to instruct on all the law arising in in the case. It is too late to complain of the matter in a motion for a new trial. State v. Cantlin, 118 Mo. 100; State v. Vinso, 171 Mo. 576. (3) The instruction on self-defense is such as has frequently been approved. The defendant does not complain that the instruction contains any vice. He asserts that the jury were not fully instructed as to this phase of the law. He asked no instruction on the law of self-defense and did not except to the action of the court because the court had not fully instructed the jury on the law of the case. It is too late for him to raise the question now. State v. Cantlin, 118 Mo. 100; State v. Vinso, 171 Mo. 576. (4) One of the essentials to granting a new trial on the ground of newly-discovered evidence is that the evidence shall not be cumulative, and a second requirement is that the evidence is so material as to probably produce a different result if a new trial were granted. Meas-

ured by either of these requirements, it is evident that the court did not err in refusing to grant a new trial on this ground.

BURGESS, J.—From a conviction of murder in the second degree, and the fixing of his punishment at ten years' imprisonment in the penitentiary, under an information filed by the prosecuting attorney of Howell county with the clerk of the circuit court of said county, charging the defendant, George W. Carpenter, with murder in the first degree, in that he did at said county on the thirteenth day of August, 1903, with malice and premeditation, with a dangerous and deadly weapon, to-wit, a knife, strike, stab and kill one Orvil Owens, defendant appeals.

Defendant is not represented in this court.

At the time of the homicide the defendant was engaged in the restaurant business in West Plains, Missouri. During the evening of August 13, 1903, he fell in company with the deceased Owens and one John Goacher. They were somewhat under the influence of liquor, though not drunk. They went into the restaurant kept by defendant, and while in there some persons came in, and a dispute arose between them, the deceased and Goacher. Goacher and one of the party who last came in, by the name of Duke, had a fight.

"Because of this, the boys were ordered out of the house by the defendant, and as they were proceeding to obey that order, the defendant threw a plate at them. After the boys had left the restaurant of the defendant, they engaged in throwing rocks at each other, some of which may have struck the building of the defendant. At any rate, the defendant left his building and went out upon the street. He passed near where the deceased and Goacher were, and the deceased called to him and told him he wanted to speak to him. The defendant was then about twenty feet from the deceased. He approached the deceased, and without anything further

being said or done, he struck Owens in the side with his knife, inflicting a mortal wound, from the effects of which he died in less than two hours."

The evidence on behalf of the State tends to show that Owens had no weapon in his hand at the time he was stabbed by the defendant. The testimony further shows that Owens made no attempt to assault the defendant. Indeed, it shows that he did nothing except advise the defendant that he wished to speak to him. The evidence on behalf of the State further shows that the defendant stated as he left his restaurant that he intended to get a gun and kill somebody, and that after leaving the restaurant he assaulted a person by the name of Dewey and that after having stabbed Owens to death, he made an attempt to assault Goacher. The testimony on behalf of the defendant tends to show that Owens, when drinking, was quarrelsome. Witnesses introduced on behalf of the defendant also testified that when Owens left the place he made threats against the defendant.

Testifying on his own behalf, the defendant stated that he left his restaurant intending to procure the marshal, and that when he got near Owens, Owens said to him, "Stop, old man, I want to have a talk with you," "and I turned around and went back to him and I saw something in his hand I took to be a knife, and I stuck my knife in him." He further testified that he was mistaken about Owens having a knife in his hand, but that Owens had a rock which he dropped when stabbed. The defendant did not testify that Owens attempted to use the rock, or attempted to harm him in any way.

While the defendant is not represented in this court, the only points raised by him in his motion for a new trial are:

First. That the verdict is against the evidence.

Second. The court erred in failing to instruct the jury as to the credibility of witnesses.

Third. The court erred in not instructing the jury fully as to the law of self-defense.

Fourth. The defendant has discovered new and important evidence since the trial.

As to the first proposition, it is without merit. The evidence on behalf of the State tends to show that defendant not only stabbed and killed Owens, who was unarmed and making no effort whatever to assault or harm defendant, but that his assault upon Owens was unprovoked and without excuse or justification. There was no lack of evidence upon which to predicate the verdict. ·

With respect to the failure of the court to instruct as to the credibility of witnesses, it is only necessary to say that defendant asked no instruction upon that phase of the case. Nor did he except at the time the instructions were given to the failure of the court to instruct upon all the law governing this case.

Under such circumstances this point is unavailable on motion for new trial. [State v. Cantlin, 118 Mo. 100; State v. Vinso, 171 Mo. 576.]

What has been said on this point applies with like force to the third ground assigned in the motion for new trial, that is, that the court erred in not instructing the jury fully as to the law of self-defense.

With respect to the fourth point presented for our consideration, we will say that it is well settled that one of the prerequisites to the granting of a new trial upon the ground of newly-discovered evidence is, that the newly-discovered evidence shall not be cumulative merely, and a second requirement is that the evidence is so material as to probably produce a different result if a new trial be granted. The newly-discovered evidence disclosed by the affidavit of one D. L. Shoup, filed in support of the motion, is in respect to threats claimed to have been made by the deceased against the defendant. This was simply cumulative and could not, we think, have possibly changed the result, so that it does

not come within the rule announced, and there was no error in overruling the motion upon that ground.

The correctness of the instruction given is not questioned.

The judgment is affirmed. All concur.